UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ANGIE PEREZ,                                          Case No.: _____

          Plaintiff,
vs.

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

          Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ANGIE PEREZ, (hereinafter "Plan Beneficiary"), through undersigned counsel, and sues Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY, (hereinafter "Cigna"), and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is and was an individual residing in Broward County, Florida and is *sui juris*.

4. At all times material hereto, the Defendant, Cigna (hereinafter "the Insurance Company"), is and was a health insurance company authorized to, and doing business in the state

of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Broward County, Florida.

6. At all times material hereto, the Defendant Cigna, administered health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

7. At all times material hereto, Cigna insured and administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Broward County, Florida.

8. At all times material hereto, Propulsion Technologies International, LLC (hereinafter the Employer"), sponsored a health insurance plan of which Plaintiff is and was a beneficiary. The Employer employed more than 25 employees at all relevant times.

9. At all times material hereto, the Defendant was a plan and claims administrator for The Employer.

10. Under the terms of the Plan administered by Defendant, patients and beneficiaries who are covered under plans that Defendant administers and insures, like Plaintiff, are entitled to payment for medically necessary health benefits.

11. At all times material hereto, the Defendant, was the plan and claim administrator for The Employer, who sponsored the health insurance plan, of which, Plaintiff was a beneficiary.

12. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

13. Venue is proper in the Southern District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 139l(b) since the facts

and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Broward County, Florida and (2) Defendant's conduct a substantial amount of business in this District and in Broward County, Florida.

14. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## STATEMENT OF THE FACTS

15. At all material times, the Plan Beneficiary was covered by the health insurance plan sponsored by the Employer and Insured by the Insurance Company (Policy No. IP1445032716). A copy of the Plan document is attached hereto as **Exhibit A**.

16. The Insurance Company was the Plan and claims administrator for The Employer.

17. At all material times, the Plan Beneficiary required medical services. More specifically, Plaintiff's treating providers determined that a T4, T5, T8, T9 Pedicle instrumentation with Laminectomy of T6 and Compression, was medically necessary. ("the Medical Services").

18. In March 2023, Plaintiff and her treating provider, Miami Neuroscience Center requested pre-authorization from the Insurance Company for the medically necessary Medical Services for a surgery scheduled on March 31, 2023.

19. The services requested are covered benefits under the Plan, as physician, surgical and outpatient services are expressly covered. *See* Exh A.

20. The Insurance Company denied benefits requested by the Plan Beneficiary and the Plan Beneficiary's treating providers on the basis that the services were not within the medical prevailing standard of care, but stated if additional documents were submitted they may be able to certify medical necessity.

21. The main basis for Cigna's denial was that the Plan Beneficiary had not submitted a thoracic MRI for review and for clarification of the surgical plan.

22. The Plaintiff through her providers, submitted an appeal which Cigna received on March 16, 2023 (Case No. 2023041500582). The appeal provided additional information and clinical documentation that evidenced that the Plan Beneficiary needed the services requested, the surgical plan and the thoracic MRI.

23. Despite the foregoing, the Insurance Company denied the appeal and upheld the decision. As a result, the Plaintiff was forced to cancel her surgery on March 31, 2023.

24. Additionally, she had to seek the medical services elsewhere on account of Cigna's improper denial due to the fact that her medical condition interfered with daily living and because she was in excessive pain.

25. The beneficiary's requests to resolve the claim issues were not resolved and this lawsuit followed.

26. Plaintiff incurred approximately $16,185.54 in out of pocket expenses for the medical services.

27. As of the date of filing of this lawsuit, the Insurance Company has failed to address the Plan Beneficiary's requests and has continued to deny services.

28. By virtue of multiple violations and wrongful denial of benefits by the Defendant and its agents, Plaintiff has been forced to retain the services of the undersigned counsel, and has agreed to pay said attorney a reasonable fee for her services.

Case No.: _____

Page 5 of 7

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant

29. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

31. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which he is covered.

32. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan insured and administered by Defendant, its agents, and employees, under which she is covered.

33. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for covered services in accordance with its terms.

34. Defendant, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although she has a debilitating medical condition for which she sought coverage, in violation of ERISA.

35. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

36. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which he is covered in violation of ERISA.

37. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

38. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

39. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

40. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

**WHEREFORE**, Plaintiff prays that this Honorable Court will enter judgment against Cigna for Compensatory Damages from the actions caused by Defendant, its agents and employees; That this Court take jurisdiction of this action and all parties named in this Complaint, and that this Court permit Plaintiff to join in this action by appropriate amended pleading any such additional parties as may be necessary for a full and complete determination of Plaintiff's rights; and Award Plaintiff any such other relief as this Court deems just and proper.

Case No.: _____
Page 7 of 7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays that this Honorable Court will enter judgment against Defendant, as follows:

a. For reasonable attorney's fees and costs of suit;

b. For all damages allowed under ERISA;

c. Declaring that the Insurance Company a has breached the terms of the Summary Plan Description and/or Insurance Policy;

d. Declaring that the Insurance Company has breached its fiduciary duties under ERISA;

e. Awarding pre-judgment and post-judgment interest; and

f. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HEALTH AND MEDICINE LAW FIRM**
*Counsel for Plaintiff*
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Ph: 305-677-2292
Fax: 305-677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:     **/s/ Maria T. Santi**
MARIA T. SANTI, ESQUIRE
Florida Bar No.: 117564